CR 24-328 JMB

RECEIVED

DEC 12 2024

CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ADELLE STARIN,

Defendant.

**INFORMATION**

18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 2461(c)

THE UNITED STATES ATTORNEY CHARGES THAT:

1.    At times relevant to this Information:

a.    Baby's on Broadway LLC ("BoB") was a business based in Little Falls, Minnesota, that marketed and sold babies' goods out of one or more brick-and-mortar stores and online.

b.    Sunshine Medical LLC ("Sunshine Medical") was a company based in Little Falls, Minnesota, that did not have any legitimate business activities.

c.    Defendant STARIN was the founder and owner of BoB.

d.    Defendant STARIN created and had control over the business operations and finances of Sunshine Medical.

e.    Liquid Capital Enterprises Corp. ("LCX") was a company, based in Toronto, Ontario and in Texas operating principally as a lender to small- and medium-sized businesses.

f.    Slope Tech, Inc. ("Slope") was a company based in California that managed certain business-purpose loans made by Lead Bank.



SCANNED
DEC 12 2024
U.S. DISTRICT COURT MPLS

## Count 1
(Wire Fraud)

2.     From in or about 2023 through in or about November 2024, in the State and District of Minnesota, and elsewhere, the defendant,

**ADELLE STARIN**,

did knowingly devise and participate in a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts.

3.     It was part of the scheme that STARIN, faced with ballooning business debts arising from BoB's business activities, sought out fraudulent methods of securing financing.

4.     It was further part of the scheme that STARIN created Sunshine Medical.

5.     STARIN then fraudulently represented to LCX that Sunshine Medical was a BoB supplier and that BoB required financing to purchase inventory from Sunshine. In reality, Sunshine had no inventory, was not a BoB supplier, and was not engaged in any legitimate business activity.

6.     Even so, STARIN obtained financing from LCX on the basis of her misrepresentations concerning Sunshine and its purported inventory. Then, from or about April 2024 to October 2024, STARIN provided LCX invoices that she created purportedly representing BoB's purchase of inventory from Sunshine Medical. These invoices were fake.

7.    From or about April 2024 to October 2024, STARIN received about $1,100,000 from LCX as part of her scheme to fraudulently obtain financing.

8.    STARIN secured additional financing from Slope in the same manner. From about February 2024 to October 2024, STARIN provided Slope with invoices that she created purportedly representing BoB's purchase of inventory from Sunshine Medical. These invoices, too, were fake.

9.    From or about February 2024 to October 2024, STARIN received about $8,000,000 from Slope as part of her scheme to fraudulently obtain financing.

10.    On or about August 1, 2024, in the State and District of Minnesota, and elsewhere, the defendant,

**ADELLE STARIN**,

for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain writings, signs, signals, and sounds, namely, an email that included a Sunshine Medical invoice that STARIN had created seeking payment from LCX in the amount of approximately $84,237.

All in violation of Title 18, United States Code, Section 1343.

### FORFEITURE ALLEGATIONS

11.    Count One of this Information is hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

12.     Upon conviction of the offense alleged in Count One of this Information, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such violations.

13.     If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and by Title 28, United States Code, Section 2461(c).

Dated: December 12, 2024                     ANDREW M. LUGER
                                             United States Attorney


                                             *s/ Daniel W. Bobier*
                                    BY:      DANIEL W. BOBIER
                                             Assistant U.S. Attorney

4